IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03198-BNB

CURT ALLEN SIGLER,

    Plaintiff,

v.

COOPER, TANIS AND COHEN, P.C.,
H. PATRICK FURMAN, Esq.,
DALE HAMMELL (Broomfield Colorado Police Department),
DON QUICK (17th Judicial District Colorado),
THOMAS ENSOR,
THEODORE SHIH,
CITY AND COUNTY OF BROOMFIELD COLORADO (a body politic and corporate),
    and
STATE OF COLORADO (a body politic and corporate),

    Defendants.

## SECOND ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES

Plaintiff, Curt Allen Sigler, is an inmate at the Broomfield Detention Center in Broomfield, Colorado. Mr. Sigler initiated this action by filing *pro se* a "Complaint." On December 7, 2012, the court entered an order directing Mr. Sigler to cure certain deficiencies if he wishes to pursue his claims in this action. More specifically, the court ordered Mr. Sigler to file on the proper form a Prisoner Complaint that includes the names of all the parties in the caption and either to pay the filing fee or to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 along with the necessary documents in support of the 28 U.S.C. § 1915 motion.

On December 19, 2012, Mr. Sigler filed on the proper forms a Prisoner Complaint

and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and he submitted the necessary documents in support of the 28 U.S.C. § 1915. However, the Prisoner Complaint and the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 filed on December 19 are deficient for other reasons. For one thing, both papers violate Rule 10.1F. of the local rules for the District of Colorado, which provides that the text of papers presented for filing "shall be printed on one side of the page only." The Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 also is deficient because it is not signed. Pursuant to Rule 11(a) of the Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper must be signed" and "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Mr. Sigler must cure these deficiencies if he wishes to pursue his claims in this action. Accordingly, it is

ORDERED that Mr. Sigler cure the deficiencies specified in this order **within thirty (30) days from the date of this order**. It is

FURTHER ORDERED that Mr. Sigler shall obtain the court-approved Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and Prisoner Complaint forms (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Sigler fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, the action will be dismissed without further notice. The dismissal shall be without prejudice.

DATED December 27, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge